**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:19-CR-0333 |
| PETR ALEXANDEROVICH KOSTENETSKIY, | (MANNION, D.J.) (MEHALCHICK, M.J.) |
| Defendant | |

## MEMORANDUM

This matter comes before the Court on Defendant's Motion for Presentence Release. (Doc. 23). Defendant, Petr Alexanderovich Kostenetskiy, moves this Court for emergency release from custody pending sentencing pursuant to U.S.C. § 3145(c). The Government opposes this motion. (Doc. 26).

**I.  BACKGROUND AND PROCEDURAL HISTORY**

On November 15, 2019, Kostenetskiy was charged with by Criminal Information with one count of armed bank robbery in violation of 18 U.S.C. § 2113(d). (Doc. 1). On November 19, 2019, Kostenetskiy appeared before the Court for his initial appearance and arraignment on the charge, and at that time also pleaded guilty to the count of armed bank robbery. (Doc. 3; Doc. 10). At the conclusion of that hearing, Kostenetskiy was remanded pending his sentencing, and pursuant to the mandatory detention provisions set forth in 18 U.S.C. § 3143(a)(2). Sentencing is scheduled in this case for June 10, 2020. (Doc. 22).

Counsel for Kostenetskiy filed a Notice with the Court on April 6, 2020, indicating that the parties were unable to come to an agreement regarding his release from detention, and indicating that he believes a hearing is necessary only if the Court, after reading the parties'

submissions, determines that the capacity of a third-party custodian may be material to the Court's decision on the motion. (Doc. 25).

**II.     DISCUSSION**

    A.     THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[1] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[2] As of the date of this writing, there are 3,917,366 confirmed cases worldwide and 274,361 deaths; in the United States, there are 1,245,775 confirmed cases and 75,364 deaths.[3] Mindful of the incredible magnitude of this situation, and the extreme health risks associated with COVID-19, the Court will address the motion for pretrial release.

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 10, 2020).

B.     CONDITIONS AT LACKAWANNA COUNTY PRISON

Attached to the Government's brief in opposition (Doc. 26) to Kostenetskiy's motion for release are the preventative actions taken by Lackawanna County Prison in response to the COVID-19 pandemic. Specifically, the prison implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facility, and for the protection of inmates and staff, including suspending contact visits, regular visitation, and visitation from volunteers, including religious leaders; implementing aggressive sanitation programs; suspending all programs that utilize "outside" employees; limiting individuals past reception to prison and medical staff; limiting attorney visits with inmates to meetings through the glass of a lawyer visitation room; cancelling all conferences and out-of-county trainings; planning for weekly contact with officials from the Pennsylvania Department of Corrections; and posting educational flyers in the blocks and in the reception area. (Doc. 26-1; Doc. 26-2; Doc. 26-3).

As of April 2, 2020, one correctional officer at the Lackawanna County Prison tested positive for the virus. The Government submits that, according to the U.S. Marshals Service, the officer who tested positive did not have any close contact with Marshal Service Personnel, and that it is unlikely, though possible, that the officer who tested positive had close contact with federal inmates at the prison. The inmates have been advised of the situation and are currently on lockdown. The prison continues to admit prisoners during the lockdown. Inmates are permitted out of their cells for showers, phone calls, attorney visits (through glass windows), and video teleconferencing for court proceedings. Additionally, all employees and other individuals (including counsel for inmates) be screened for fevers, and if necessary, other symptoms, upon entering the prison.

C.      <u>Release Pending Sentencing Pursuant to 18 U.S.C. § 3145(c)</u>

Kostenetskiy is detained pending sentencing pursuant 18 U.S.C. § 3143(a)(2), which mandates detention if a defendant is convicted of a crime of violence, as Kostenetskiy is here. Pursuant to § 3143(a)(2), detention is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

A defendant subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions of release set forth in section 3143(a)(1) [4] may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c). "Exceptional" is something out of the ordinary that distinguishes the defendant's situation from that of other defendants subject to mandatory presentence detention. *United States v. Ortiz*, 1:18-CR-00134, 2020 WL 1904478, at *5 (M.D. Pa. Apr. 17, 2020); citing *United States v. Smith*, 34 F.Supp.3d 541, 553–54 (W.D. Pa. 2014) (internal citations omitted). The

---

[4] Per § 3143(a)(1) a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless [a] judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c)," and if a "judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with § 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

defendant carries the burden of establishing why detention is not appropriate. *Smith*, 24 F.Supp.3d at 551-52.

Kostenetskiy submits that he should be released because the impact of the COVID-19 pandemic on his ability to prepare a defense is an exceptional reason which renders her detention not appropriate (Doc. 24, at 12), and due to the general risk of exposure to COVID-19 in prison. The Court disagrees.

First, Kostenetskiy's risk of exposure to COVID-19 at Lackawanna County Prison is not an exceptional circumstance warranting her release. "As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions.... In the absence of evidence demonstrating a change in circumstances concerning [the defendant's] status as a flight risk and danger to another person or the community, detention pending sentence must be maintained." *United States v. Rollins*, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020). Nothing about Kostenetskiy's circumstances, other than the risk of exposure to COVID-19, has changed to override the presumption of detention under § 3143(a)(2). Nothing about the COVID-19 pandemic reduces the defendant's danger to others. *United States v. Johnson*, 4:17-CR-256-2, 2020 WL 1939588, at *6 (M.D. Pa. Apr. 22, 2020). In considering a motion to continue a self-surrender date in light of the COVID-19 pandemic, the Third Circuit held that "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence," and stating that it is "imperative" that the courts "continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief. *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *3 (3d Cir. April 1, 2020). In the context of reviewing a motion for compassionate release,

the Circuit noted "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

Kostenetskiy also submits that his release is necessary for the preparation of his defense. The Court recognizes that the pandemic may pose obstacles to the preparation of a defense. However, in this case, Kostenetskiy has not established that the restrictions in place at Lackawanna County Prison are such that they are an exception circumstance compelling release in the face of the mandatory detention provisions under §3143. Though not ideal, the prison still allows for attorney visits, albeit through a glass window. Nothing in the measures outlined by the prison indicate that attorney visits or calls are in any other way restricted. The Court is confident that the prison will respect the privileged nature of the communications between attorneys and their clients as nothing to the contrary has been brought to its attention to cause concern. Kostenetskiy has not suggested that his situation with regard to consultation with counsel is an urgent one or otherwise distinguishable from that facing other inmates at this time. *See United States v. Dodd*, 20-CR-0016 (NEB/HB), 2020 WL 1547419 (D. Minn. Apr. 1, 2020).

Kostenetskiy's concern about exposure to COVID-19 is purely speculative. The record reflects that the prison is taking steps to mitigate his risk for infection, and has put measures in place to allow for attorney-client communication while mitigating the risk of infection. A defendant should not be entitled to release based solely on generalized COVID-19 fears and speculation. *See United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020) (denying motion for temporary release pursuant to § 3142(i)); *see also Raia*, 2020 WL 1647922,

at *2. Kostenetskiy fails to establish exceptional circumstances that warrant his release under 18 U.S.C. § 3145(c).

III.  **CONCLUSION**

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Kostenetskiy's exposure to the virus while at Lackawanna County Prison, that potential exists anywhere in the community. Lackawanna County Prison has taken steps to minimize infection. With no evidence that prison is not providing appropriate medical care, or is unable to do so, the Court is not persuaded that Kostenetskiy should be released pending sentencing. As such, his motion (Doc. 23) is **DENIED**.

An appropriate Order will follow.

**Dated: May 11, 2020**                                   *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States Magistrate Judge**