**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **3:19-CR-333** |
| | : | |
| v. | | |
| | : | **(JUDGE MANNION)** |
| **PETR KOSTENETSKIY,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

**I.   BACKGROUND**

On December 21, 2020, defendant Petr Kostenetskiy, formerly an inmate at LSCI Allenwood, filed, *pro se*, a Motion for Compassionate Release from prison and a request for a reduction in his sentence under 18 U.S.C. §3582(c)(1)(A), based on the COVID-19 pandemic and the alleged conditions in the prison. (Doc. 37). Specifically, as relief, defendant requested the court to reduce his sentence and terminate early the remainder of his 36-month prison sentence and order his immediate release from prison.

Since the complete background of defendant's case is stated in the government's brief in opposition, as well as in the PSR, it is not fully repeated herein. Suffice to say that on November 19, 2019, Kostenetskiy pled guilty to

armed bank robbery, in violation of 18 U.S.C. §2113(d). On June 2, 2020, the court sentenced defendant to 36 months of imprisonment followed by two years of supervised release. (Doc. 33).

After Kostenetskiy's motion was briefed by the parties, and while it was pending with the court, defendant Kostenetskiy was released from prison by the BOP on February 8, 2022. *See* BOP inmate locator, available at https://www.bop.gov/inmateloc/# (last visited February 14, 2022). Thus, Kostenetskiy is no longer serving his prison sentence.

**II.    DISCUSSION**

The question that arises here is whether defendant Kostenetskiy's instant motion is now moot since he has served his prison sentence and was released from confinement by the BOP. "A federal court must resolve a question of mootness before it assumes jurisdiction." Goins v. United States, 2019 WL 3084244, *4 (E.D. TN. July 15, 2019) (citation omitted). "Mootness deprives a court of its 'power to act; there is nothing for [it] to remedy, even if [it was] disposed to do so.'" *Id*. (citation omitted).

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d

142, 147 (3d Cir. 2009) (citation omitted). "The 'case or controversy' requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome." Reyes v. Federal BOP, 2019 WL 4302964, *1 (D. N.J. Sept. 11, 2019) (citing Burkey, 556 F.3d at 147). "For there to remain a case or controversy, there must be a likelihood that the petitioner's injury would be redressed by a District Court's grant of his habeas corpus petition." *Id.* (citing Burkey, 556 F.3d at 150).

"[Defendant] has been released from BOP custody, presumably onto the supervised release portion of his sentence." *Id*. Thus, the court cannot reduce his sentence and order the BOP release him from prison as he requests in his motion since he "has completed his period of incarceration and is no longer in BOP custody." *Id*.

"In Burkey, the Third Circuit affirmed the district court's determination that a §2241 petition challenging a prison disciplinary hearing was moot after the petitioner was released from BOP custody onto supervised release." *Id*. at *2 (citation omitted). "The [Third Circuit] reasoned that petitioner's sentence had expired and that delayed commencement of a 'validly imposed term of supervised release' is insufficient to be a 'continuing injury' to avoid

mootness after release from BOP custody." *Id*. (citing Burkey, 556 F.3d at 148).

In his motion for compassionate release, defendant Kostenetskiy only seeks the court to reduce his sentence and to direct the BOP to release him from prison and, thus, there is no longer a live case or controversy based on defendant's February 8, 2022 release from prison. *See id*.

As such, the court will dismiss defendant Kostenetskiy's motion for compassionate release as moot. *See* Goins, 2019 WL 3084244, *5 ("Because the commutation of Petitioner's sentence and his unconditional release from that sentence 'makes it impossible for the court to grant [him] any effectual relief whatever,' this Court concludes that the [] motion, …, is moot and that the Court lacks jurisdiction over the motion." (internal citations omitted).

### III. CONCLUSION

Defendant Kostenetskiy's Motion for Compassionate Release and for immediate release from confinement, **(Doc. 37)**, will be **DISMISSED AS MOOT**.

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 25, 2022**
19-333-01